O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GARCIA-CORTEZ,<br><br>        Petitioner,<br><br>   v.<br><br>JACK FOX,<br><br>        Respondent. | Case No. CV 14-8744 PSG (JCG)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

**I.**

**INTRODUCTION AND SUMMARY**

On November 12, 2014, petitioner Eduardo Garcia-Cortez ("Petitioner"), a federal prisoner[1] proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C § 2241 ("Petition").  Therein, Petitioner challenges two sentences issued in the United States District Court for the District of Arizona, Phoenix Division.  (Pet. at 2.)  Generally, however, a federal prisoner who seeks to challenge the legality of his confinement must apply for relief under 28 U.S.C.

---

[1] Petitioner is incarcerated at the United States Penitentiary in Lompoc, California. (Pet. at 1.)

§ 2255 in the sentencing court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). As such, the Petition must be dismissed without prejudice to Petitioner filing a § 2255 motion in the United States District Court for the District of Arizona, Phoenix Division.[2]

## II.
## PROCEDURAL HISTORY

On August 29, 2012, Petitioner was convicted in the District of Arizona on one count of re-entry of a removed alien in violation of 8 U.S.C. § 1326(a). (*United States v. Garcia-Cortez*, CR 12-0271 NVW (D. Ariz.), Dkt. No. 63.) On November 16, 2012, Petitioner was sentenced to federal prison for 92 months. (*Id.*, Dkt. No. 68.) That same day, the court further found that Petitioner had violated the terms of supervised release imposed in connection with an earlier conviction, and sentenced Petitioner to a consecutive term of 18 months. (*United States v. Garcia-Cortez*, CR 12-50041 NVW (D. Ariz.), Dkt. No. 23.)

Thereafter, Petitioner appealed, and the Ninth Circuit affirmed Petitioner's conviction and sentences. *United States v. Garcia-Cortez*, 557 F. App'x 684, 684 (9th Cir. 2014).

On November 26, 2012, Petitioner filed a nominal § 2255 motion seeking to reduce his sentence by a year. (*Garcia-Cortez v. United States*, CV 12-2528 NVW (D. Ariz.), Dkt. No. 1.) On February 27, 2013, that action was dismissed without prejudice, after Petitioner failed to file an amended motion on a court-approved form. (*Id.*, Dkt. No. 6.)

## III.
## DISCUSSION AND ANALYSIS

---

[2] The Court declines to transfer this action to the sentencing court, as the District of Arizona would lack jurisdiction over the Petition, as filed, and the Court may not *sua sponte* recharacterize the Petition as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003).

As a general matter, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez*, 204 F.3d at 864. However, there is an exception – or "escape hatch" – to this rule: a federal prisoner may file a § 2241 challenge to the legality of his sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petition satisfies the "escape hatch" criteria of § 2255(e) "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008).

Here, Petitioner does not raise claims challenging the manner, location, or conditions of the execution of his sentence. (*See* Pet. at 3-4.) Nor does Petitioner make a claim of "actual innocence." *See Harrison*, 519 F.3d at 959. Rather, Petitioner challenges certain aspects of the proceedings in the sentencing court. (Pet. at 3-4.)

Thus, the Petition must be viewed as a § 2255 motion, not a § 2241 petition. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012). And a § 2255 motion may not be heard in a district other than the one in which Petitioner was sentenced. 28 U.S.C. § 2255(a).

Accordingly, this Court lacks jurisdiction to consider the Petition. *See* 28 U.S.C. § 2255(a).

## IV.

## CERTIFICATE OF APPEALABILITY

For the reasons above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Harrison*, 519 F.3d at 958 ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 petition, the petitioner cannot appeal from the denial of that petition without a

[certificate of appealability].").

## V.
## ORDER

For the foregoing reasons, **IT IS ORDERED THAT** the Petition be **SUMMARILY DISMISSED** for lack of jurisdiction, pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, without prejudice to Petitioner filing a § 2255 motion in the District of Arizona.[3]

**IT IS FURTHER ORDERED THAT** a Certificate of Appealability be **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   December 12, 2014

HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner chooses to file a § 2255 motion in the United States District Court for the District of Arizona, Phoenix Division, the motion must contain **all** the § 2255 claims Petitioner believes he has. *See Castro*, 540 U.S. at 383.